IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

LISA ANDREWS,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )    No. 24-cv-2768-MSN-tmp
                                 )
MARK NORRIS and DALE WAYNE       )
NORRIS,                          )
                                 )
        Defendants.              )
_____

REPORT AND RECOMMENDATION
_____

Before the court is plaintiff Lisa Andrews's *pro se* complaint.[1] (ECF No. 1.) Because Andrews is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Andrews's complaint be dismissed.

## I.    PROPOSED FINDINGS OF FACT

On October 11, 2024, plaintiff Lisa Andrews filed a *pro se* complaint against defendants U.S. District Judge Mark Norris and Dale Wayne Norris. (ECF No. 1.) She claims a violation of civil

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

[2]The undersigned granted Andrews leave to proceed *in forma pauperis* on November 15, 2024. (ECF No. 4.)

rights under 42 U.S.C. § 1983 based on alleged "abuse of authority" stemming from Judge Norris's assignment to an unrelated criminal case in this district. (Id. at PageID 2.) Notably, Andrews does not name defendant Dale Wayne Norris in her statement of facts. (See id.) Nonetheless, she requests as relief against him "removal of medical license and demand that it be investigated," among other illegible text. (Id. at PageID 3.) As to Judge Norris, Andrews requests "impeachment/ [restraint] order/ revoke law license." (Id.)

## II.  PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints in accordance with 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints, as *pro se* pleadings, are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Still, courts must dismiss any complaint, or any portion thereof, if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are 'clearly baseless,'

a term encompassing claims that may be described as 'fanciful, fantastic, delusional, wholly incredible, or irrational.'" <u>Smith v. Walbridge Constr.</u>, No. 1:23-cv-02108, 2023 WL 5827272, at *2 (W.D. Tenn. Aug. 21, 2023) (quoting <u>Bumpas v. Corr. Corp. of America</u>, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011)). Further, the court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." <u>Id.</u> (quoting <u>Apple v. Glenn</u>, 183 F.3d 477, 479 (6th Cir. 1999)).

Here, because plaintiff offers no factual basis for her frivolous allegations, her complaint warrants sua sponte dismissal. Andrews's claims that "[t]hey want me dead" and that Judge Norris sought to "instill fear in [her] and the entire city" by overseeing a criminal matter with which plaintiff has no apparent connection exemplify the sort of "delusional, wholly incredible, or irrational" allegations that § 1915(e)(2)(B)(i) is designed to screen out. <u>Smith</u>, 2023 WL 5827272, at *2 (quotation omitted). On its face, this complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion." <u>Id.</u> Due to the frivolous nature of the

allegations, the undersigned finds that this complaint should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned submits that Andrews's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 20, 2024
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**